Michael Hoover
(*Pro Hac Vice* - will comply with LR IA 11-2 within 10 days)
LA Bar No. 35497
Interpleader Law, LLC
9015 Bluebonnet Blvd.
Baton Rouge, LA 70810
Phone: (225) 246-8706
michael.hoover@interpleaderlaw.com

*Attorney for Plaintiff, Norbert Billard*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NORBERT BILLARD, | CASE NO: 2:18-CV-00182 |
| Plaintiff, | **COMPLAINT WITH JURY DEMAND** |
| v. | |
| STATE FARM LIFE INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff, Norbert Billard ("Billard"), through undersigned counsel, for his Complaint against Defendant, State Farm Life Insurance Company ("State Farm"), alleges as follows:

PARTIES

1. Billard maintains a primary residence and is domiciled in Las Vegas, Clark County, Nevada, and is a citizen of the State of Nevada within the meaning and intent of 28 U.S.C. § 1332.

2. State Farm is a corporation organized under the laws of the State of Illinois that maintains its principal place of business in the State of Illinois, and is licensed to do business in the State of Nevada. State Farm is a citizen of the State of Illinois within the meaning and intent of 28 U.S.C. § 1332. No service is necessary at this time, as Plaintiff is providing a copy

of this Complaint to State Farm, along with a request that it waive the issuance and service of summons.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 28 U.S.C. § 1332(a) as Plaintiff and Defendant are citizens of different states and the amount in controversy is greater than $75,000.

6. Venue is proper in the United States District Court for the District of Nevada because a substantial portion of the events giving rise to this cause of action occurred in this district.

## STATEMENT OF FACTS

7. On March 24, 2014, State Farm issued a life insurance policy, Policy No. LF-3364-4561 (the "Policy"), to Billard, as owner.

8. The Policy insured the life of Michael Chow ("Chow"), and had a face amount of $800,000.

9. Billard was also the primary beneficiary of the Policy.

10. Billard timely paid all premiums from the inception of the Policy until Chow's death.

11. On September 14, 2017, Chow died from a heart attack while in Cabo San Lucas, Mexico.

12. On September 15, 2017, Billard notified State Farm of Chow's death. State Farm advised Billard that he would need to obtain a claim form from his local agent to submit a formal claim for the death benefit.

13. On October 3, 2017, State Farm wrote to Billard and stated that it had received "almost all of the required original documents" and that it still needed four specific documents to process the claim, including: 1) the claim form; 2) the original/certified death of U.S. citizen

abroad form; 3) flight itinerary; and 4) name and address of the villa where Chow was staying in Mexico. The letter further advised Billard that State Farm would be hiring a vendor to obtain additional information in Mexico, which process can take several weeks to complete.

14. On October 13, 2017, Billard submitted the claim form to State Farm.

15. On November 3, 2017, State Farm wrote again to Billard and stated that it needed only one document to "finalize the claim" -- the original/certified death of U.S. citizen abroad form. The letter further stated that State Farm's vendor "was able to obtain the required information in Mexico."

16. On January 17, 2018, State Farm wrote to undersigned counsel for Billard and stated that it now needed to obtain more documents from Mexico, specifically: 1) the Medical Examiner's Report; and 2) Toxicology results. The letter further stated that State Farm's vendor was unable to obtain these documents from Mexico.

17. As of the date of this filing, Billard's claim remains unpaid.

## CAUSES OF ACTION

18. Billard incorporates his allegations in the foregoing paragraphs 1-17 by reference as if set forth fully herein.

### COUNT I
### Breach of Contract

19. The Policy is a written contract between Billard and State Farm.

20. In issuing the Policy, State Farm obligated itself to pay Billard the death benefit in the event of Michael Chow's death.

21. Despite irrefutable evidence that Michael Chow is deceased, State Farm has refused to pay the death benefit without just cause.

22. State Farm has thus breached its contract with Billard.

23. As a result of the breach of contract by State Farm, Billard has been damaged.

## COUNT II
### Unfair Claim Settlement Practices

24. After first communicating to Billard on November 3, 2017, that only one document was needed to "finalize the claim," State Farm subsequently added to its list of documentation needed in order to further delay payment of the claim despite adequate evidence that Michael Chow is deceased.

25. State Farm has thus misrepresented facts concerning the claim.

26. State Farm has also failed to affirm or deny coverage of Billard's claim within a reasonable time after proof of loss requirements were completed and submitted to State Farm.

27. Additionally, State Farm has failed to effectuate a prompt settlement of Billard's claim in which liability has become reasonably clear.

28. As a result of these unfair claim settlement practices, Billard has been damaged.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Norbert Billard, demands a jury trial and prays for relief in his favor, costs, interest, attorney's fees to the extent authorized, and any other relief deemed just and proper.

DATED this 1st day of February, 2018.

Respectfully submitted,

*/s/ Michael J. Hoover*
Michael J. Hoover *(Pro Hac Vice)*
LA Bar No. 35497
Interpleader Law, LLC
9015 Bluebonnet Blvd.
Baton Rouge, Louisiana 70810
Telephone: (225) 246-8706
Email: michael.hoover@interpleaderlaw.com
*Trial Counsel for Plaintiff, Norbert Billard*